UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIDYA CABRERA,<br><br>Plaintiff,<br><br>v.<br><br>SWISSBIT NA, INC.,<br><br>Defendant. | Case No. 7:25-cv-09903-PMH |

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Swissbit NA, Inc. ("Swissbit" or "Defendant"), by and through its undersigned counsel, answers the complaint ("Complaint") filed by Plaintiff Nidya Cabrera ("Plaintiff") as follows:

**PARTIES**[1]

1. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, except admits that Plaintiff is an adult.

2. Denies the allegations contained in Paragraph 2 of the Complaint, except admits that Swissbit is a corporation that did business in the State of New York during the timeframe relevant to the Complaint.

[1] References herein to the heading points contained in the Complaint are for reference only and shall not be deemed an admission of any fact or conclusion of law by Defendant.

## JURISDICTION AND VENUE

3. Avers that Paragraph 3 of the Complaint states a legal conclusion for which no response is required, and otherwise denies the allegations contained in Paragraph 3 of the Complaint.

4. Avers that Paragraph 4 of the Complaint states a legal conclusion for which no response is required, and otherwise denies the allegations contained in Paragraph 4 of the Complaint.

5. Avers that Paragraph 5 of the Complaint states a legal conclusion for which no response is required, and otherwise denies the allegations contained in Paragraph 5 of the Complaint.

## STATEMENT OF FACTS

6. Admits the allegations contained in Paragraph 6 of the Complaint.

7. Denies the allegations contained in Paragraph 7 of the Complaint, except admits that Swissbit employed 15 or more employees in the United States during the period of Plaintiff's employment with Swissbit.

8. Avers that Paragraph 8 of the Complaint states a legal conclusion for which no response is required.

9. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Avers that Paragraph 10 of the Complaint states a legal conclusion for which no response is required, and otherwise denies the allegations in Paragraph 10 of the Complaint.

11. Avers that Paragraph 11 of the Complaint states a legal conclusion for which no response is required, and otherwise denies the allegations in Paragraph 11 of the Complaint.

12. Avers that Paragraph 12 of the Complaint states a legal conclusion for which no response is required, and otherwise denies the allegations in Paragraph 12 of the Complaint.

13. Avers that Paragraph 13 of the Complaint states a legal conclusion for which no response is required, and otherwise denies the allegations in Paragraph 13 of the Complaint.

14. Denies the allegations contained in Paragraph 14 of the Complaint.

15. Denies the allegations contained in Paragraph 15 of the Complaint.

16. Denies the allegations contained in Paragraph 16 of the Complaint.

17. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. Avers that Paragraph 19 of the Complaint states a legal conclusion for which no response is required, and otherwise avers that Swissbit has no knowledge of any disability or accommodation requests concerning Anthony Cerreta.

20. Denies the allegations contained in Paragraph 20 of the Complaint.

21. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23. Avers that Paragraph 23 of the Complaint states a legal conclusion for which no response is required, and otherwise denies the allegations in Paragraph 23 of the Complaint.

24. Avers that Paragraph 24 of the Complaint states a legal conclusion for which no response is required, and otherwise denies the allegations in Paragraph 24 of the Complaint.

25. Avers that Paragraph 25 of the Complaint states a legal conclusion for which no response is required, and otherwise denies the allegations in Paragraph 25 of the Complaint.

26. Avers that Paragraph 26 of the Complaint states a legal conclusion for which no response is required, and otherwise denies the allegations in Paragraph 26 of the Complaint.

27. Denies the allegations contained in Paragraph 27 of the Complaint.

28. Avers that Paragraph 28 of the Complaint states a legal conclusion for which no response is required, and otherwise admits the allegations in Paragraph 28 of the Complaint.

29. Avers that Paragraph 29 of the Complaint states a legal conclusion for which no response is required, and otherwise denies the allegations in Paragraph 29 of the Complaint.

30. Denies the allegations contained in Paragraph 30 of the Complaint.

31. Denies the allegations contained in Paragraph 31 of the Complaint.

32. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33. Denies the allegations contained in Paragraph 33 of the Complaint, except avers that on or about June 23, 2022, Plaintiff submitted a formal request for continuous medical leave and Swissbit granted Plaintiff's request and provided her paid leave from June 17, 2022 to September 5, 2022.

34. Avers that Paragraph 34 of the Complaint states a legal conclusion for which no response is required, and otherwise denies the allegations in Paragraph 34 of the Complaint.

35. Denies the allegations contained in Paragraph 35 of the Complaint, except avers that Swissbit approved Plaintiff's request for continuous medical leave from June 17, 2022 to September 5, 2022.

36. Denies the allegations contained in Paragraph 36 of the Complaint.

37. Denies the allegations contained in Paragraph 37 of the Complaint.

38. Denies the allegations contained in Paragraph 38 of the Complaint.

39. Admits the allegations contained in Paragraph 39 of the Complaint.

40. Denies the allegations contained in Paragraph 40 of the Complaint.

41. Denies the allegations contained in Paragraph 41 of the Complaint.

42. Denies the allegations contained in Paragraph 42 of the Complaint.

43. Denies the allegations contained in Paragraph 43 of the Complaint.

44. Denies the allegations contained in Paragraph 44 of the Complaint.

45. Denies the allegations contained in Paragraph 45 of the Complaint.

46. Denies the allegations contained in Paragraph 46 of the Complaint.

47. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint.

48. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint, except avers that Plaintiff was granted all requests for time off due to purported health-related reasons.

49. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint, except avers that Plaintiff was granted all requests for time off due to purported health-related reasons.

50. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint.

51. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint.

52. Denies the allegations contained in Paragraph 52 of the Complaint.

53. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint.

54. Denies the allegations contained in Paragraph 54 of the Complaint, except avers that Plaintiff requested and was granted paid time off (PTO) from September 11, 2023 to September 16, 2023.

55. Denies the allegations contained in Paragraph 55 of the Complaint, except avers that Plaintiff requested and was granted paid time off (PTO) from September 11, 2023 to September 16, 2023.

56. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint.

57. Denies the allegations contained in Paragraph 57 of the Complaint.

58. Denies the allegations contained in Paragraph 58 of the Complaint.

59. Denies the allegations contained in Paragraph 59 of the Complaint.

60. Denies the allegations contained in Paragraph 60 of the Complaint.

61. Denies the allegations contained in Paragraph 61 of the Complaint, except admits that Plaintiff was granted leave beginning on November 30, 2023 and she returned to work on December 4, 2023.

62. Denies the allegations contained in Paragraph 62 of the Complaint, except avers that Swissbit granted Plaintiff's request for leave from November 30, 2023 and returning to work on December 4, 2023.

63. Denies the allegations contained in Paragraph 63 of the Complaint.

64. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint.

65. Avers that Paragraph 65 of the Complaint contains legal conclusions as to which no response is required, and otherwise avers that Plaintiff was granted leave beginning on November 30, 2023 and she returned to work on December 4, 2023.

66. Denies the allegations contained in Paragraph 66 of the Complaint.

67. Denies the allegations contained in Paragraph 67 of the Complaint.

68. Denies the allegations contained in Paragraph 68 of the Complaint.

69. Denies the allegations contained in Paragraph 69 of the Complaint.

70. Denies the allegations contained in Paragraph 70 of the Complaint.

71. Denies the allegations contained in Paragraph 71 of the Complaint.

72. Denies the allegations contained in Paragraph 72 of the Complaint, except avers that Swissbit approved all requests for time off and/or accommodation requests made by Plaintiff during her employment.

73. Denies the allegations contained in Paragraph 73 of the Complaint.

74. Denies the allegations contained in Paragraph 74 of the Complaint.

75. Denies the allegations contained in Paragraph 75 of the Complaint.

76. Denies the allegations contained in Paragraph 76 of the Complaint.

77. Denies the allegations contained in Paragraph 77 of the Complaint.

78. Denies the allegations contained in Paragraph 78 of the Complaint.

79. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint, except avers that Plaintiff made an unauthorized phone purchase on Swissbit's account in or around the week of April 15, 2024.

80. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint, except avers

that Plaintiff made an unauthorized phone purchase on Swissbit's account in or around the week of April 15, 2024.

81. Denies the allegations contained in Paragraph 81 of the Complaint.

82. Denies the allegations contained in Paragraph 82 of the Complaint, except admits that Lisa Debrum and Benjamin Schüler informed Plaintiff on or about April 25, 2024 that her employment with Swissbit was terminated due, in part, to her unauthorized phone purchase.

83. Avers that Paragraph 83 of the Complaint states a legal conclusion for which no response is required, and otherwise avers that Swissbit has no knowledge of any disability or accommodation requests concerning Lisa Debrum.

84. Denies the allegations contained in Paragraph 84 of the Complaint, except admits that Plaintiff's employment with Swissbit was terminated on or about April 25, 2024.

85. Denies the allegations contained in Paragraph 85 of the Complaint.

86. Denies the allegations contained in Paragraph 86 of the Complaint.

87. Paragraph 87 of the Complaint does not contain any allegations against Defendant and therefore no response is required. To the extent Paragraph 87 contains any factual allegations, Swissbit denies the allegations and refers to the referenced documents for the contents thereof.

88. Avers that Paragraph 88 of the Complaint contains legal conclusions for which no response is required, and otherwise refers to the referenced document for the contents thereof.

89. Denies knowledge or information sufficient to admit or deny the allegations in Paragraph 89 of the Complaint.

90. Denies knowledge or information sufficient to admit or deny the allegations in Paragraph 90 of the Complaint, and otherwise refers to the referenced document for the contents thereof.

91. Avers that Paragraph 91 of the Complaint contains legal conclusions for which no response is required.

**COUNT I**
**Failure to Accommodate and Disability Discrimination in Violation of the Americans with Disabilities Act, 42 U.S.C. §§12101, et seq.**

92. Defendant repeats and realleges its responses to Paragraphs 1-91 of the Complaint as if fully set forth herein.

93. Avers that Paragraph 93 of the Complaint states a legal conclusion for which no response is required, and otherwise avers that Defendant employed 15 or more persons during the period of Plaintiff's employment.

94. Avers that Paragraph 94 of the Complaint states a legal conclusion for which no response is required, and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 94 of the Complaint.

95. Denies the allegations contained in Paragraph 95 of the Complaint.

96. Denies the allegations contained in Paragraph 96 of the Complaint.

97. Denies the allegations contained in Paragraph 97 of the Complaint.

98. Denies the allegations contained in Paragraph 98 of the Complaint.

99. Denies the allegations contained in Paragraph 99 of the Complaint.

100. Denies the allegations contained in Paragraph 100 of the Complaint.

101. Denies the allegations contained in Paragraph 101 of the Complaint.

102. Denies the allegations contained in Paragraph 102 of the Complaint.

103. Denies the allegations contained in Paragraph 103 of the Complaint.

104. Denies the allegations contained in Paragraph 104 of the Complaint.

**COUNT II**
**Retaliation in Violation of the Americans with Disabilities Act, 42 U.S.C. §§12101, et seq.**

105. Defendant repeats and realleges its responses to Paragraphs 1-104 of the Complaint as if fully set forth herein.

106. Denies the allegations contained in Paragraph 106 of the Complaint.

107. Denies the allegations contained in Paragraph 107 of the Complaint.

108. Denies the allegations contained in Paragraph 108 of the Complaint.

109. Denies the allegations contained in Paragraph 109 of the Complaint.

110. Denies the allegations contained in Paragraph 110 of the Complaint.

111. Denies the allegations contained in Paragraph 111 of the Complaint.

112. Denies the allegations contained in Paragraph 112 of the Complaint.

**COUNT III**
**Retaliation in Violation of New York Whistleblower Law, NY Labor Law § 740**

217. Defendant repeats and realleges its responses to Paragraphs 1-112[2] of the Complaint as if fully set forth herein.

[2] The Complaint contains non-sequential numbering, and there are no paragraphs numbered between 112 and 217.

218. Denies the allegations contained in Paragraph 218 of the Complaint.

219. Denies the allegations contained in Paragraph 219 of the Complaint.

220. Denies the allegations contained in Paragraph 220 of the Complaint.

221. Denies the allegations contained in Paragraph 221 of the Complaint.

## COUNT IV
## Retaliation in Violation of N.Y. Lab. Law § 215

222. Defendant repeats and realleges its responses to Paragraphs 1-221 of the Complaint as if fully set forth herein.

223. Avers that Paragraph 223 of the Complaint states a legal conclusion for which no response is required, and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 223 of the Complaint.

224. Denies the allegations contained in Paragraph 224 of the Complaint.

225. Avers that Paragraph 225 of the Complaint states a legal conclusion for which no response is required, and otherwise denies the allegations in Paragraph 225 of the Complaint.

226. Denies the allegations contained in Paragraph 226 of the Complaint, except avers that Plaintiff was provided various forms of approved leave over the course of her employment with Swissbit.

227. Denies the allegations contained in Paragraph 227 of the Complaint.

228. Denies the allegations contained in Paragraph 228 of the Complaint.

**COUNT V**

**Failure to Pay Wages in Violation of N.Y. Lab. Law § 191, 193, and 198**

229. Defendant repeats and realleges its responses to Paragraphs 1-228 of the Complaint as if fully set forth herein.

230. Denies the allegations contained in Paragraph 230 of the Complaint.

231. Avers that Paragraph 231 of the Complaint states a legal conclusion for which no response is required.

232. Denies the allegations contained in Paragraph 232 of the Complaint.

233. Denies the allegations contained in Paragraph 233 of the Complaint.

234. Denies the allegations contained in Paragraph 234 of the Complaint.

235. Denies the allegations contained in Paragraph 235 of the Complaint.

**DEMAND FOR RELIEF**

Defendant denies that Plaintiff is entitled to any of the relief sought in the Complaint, including Plaintiff's demand for judgment and subparts A – L thereof.

**AFFIRMATIVE DEFENSES**

1. The Complaint is barred because it fails to state any claim for which relief may be granted.

2. The Complaint is barred in whole or in part because Plaintiff was terminated by Swissbit for legitimate non-discriminatory and non-retaliatory reasons due to her documented performance issues and violation of company policy.

3. The Complaint is barred in whole or in part to the extent that Plaintiff does not have a qualified disability under the Americans with Disabilities Act ("ADA").

4. The Complaint is barred in whole or in part because Plaintiff's termination was not motivated in whole or in part by her purported disability.

5. The Complaint is barred in whole or in part because Plaintiff's termination was not motivated in whole or in part in retaliation for any requests for an accommodation, leave of absence or disability.

6. The Complaint is barred in whole or in part because Plaintiff cannot establish a prima facie case of discrimination under the ADA because she has not established, and cannot establish, that she was subjected to unlawful discrimination because of her purported disability.

7. The Complaint is barred in whole or in part because Plaintiff cannot establish a prima facie case for retaliation because she cannot show that she was subject to any adverse action due to any request for accommodation, leave of absence, or alleged protected activity.

8. The Complaint is barred in whole or in part because Plaintiff did not make a complaint to Defendant that it engaged in conduct that would subject it to violation of the New York Labor Law ("NYLL").

9. The Complaint is barred in whole or in part because Plaintiff failed to complain that Defendant violated any law, rule or regulation which presents a danger to the public health and safety.

10. The Complaint is barred in whole or in part because Plaintiff did not have a reasonable, good-faith belief that any activity, policy or practice of Defendant violated any law, rule or regulation.

11. The Complaint is barred in whole or in part because Defendant did not have or engage in any employment activity, policy, or practice that posed a significant threat to public health and/or safety.

12. The Complaint is barred in whole or in part because Defendant provided Plaintiff with all medical and non-medical leave Plaintiff requested and/or to which she was entitled during her tenure, including but not limited to medical leave from June 17, 2022 to September 5, 2022 and from November 30, 2023 to December 4, 2023.

13. The Complaint is barred in whole or in part because Plaintiff was paid all wages to which she was entitled.

14. The Complaint is barred in whole or in part because Plaintiff was not required to and did not perform any work during her medical leave, and to the extent Plaintiff purports to have completed any work during her medical leave, any such work was *de minimis* under the NYLL.

15. The Complaint is barred in whole or in part because any actions taken and/or decisions made by Defendant concerning Plaintiff's employment would have occurred regardless of any purported request for medical leave or accommodation or purported disability status.

16. The Complaint is barred in whole or in part because Defendant never denied Plaintiff any reasonable accommodations during her tenure.

17. The Complaint is barred in whole or in part because Defendant never failed to provide Plaintiff with any requested leave.

18. Plaintiff's claims should be dismissed because Plaintiff has not been discriminated against as a result of any purported disability status or in response to any requests for medical leave or accommodation.

19. The Complaint is barred in whole or in part because Plaintiff was not subjected to any adverse employment action and no changes were made to the terms and conditions of Plaintiff's employment as a result of Plaintiff engaging in any protected activity, nor did Defendant take any action that would be reasonably likely to deter a person from engaging in any protected activity.

20. The Complaint is barred in whole or in part because Defendant has a meaningful and responsive procedure for investigating complaints of discriminatory and retaliatory practices by employees and for taking appropriate action against those persons who are found to have engaged in such practices, and Plaintiff unreasonably failed to take advantage of any such preventive or corrective opportunities or to avoid harm otherwise.

21. The Complaint is barred in whole or in part to the extent Plaintiff's claims are time-barred.

22. The Complaint is barred in whole or in part because Plaintiff has sustained no injury arising from the conduct alleged.

23. The Complaint is barred in whole or in part because Defendant acted in good faith based on the applicable laws and reasonable factors and has not violated any rights which may be secured to Plaintiff under any federal, state or local laws, rules, statutes, regulations, codes or guidelines.

24. Plaintiff's alleged loss, damage, injury, harm, expense, diminution and/or deprivation alleged, if any, resulted from independent, superseding and/or intervening causes unrelated to any conduct, acts or omissions of Defendant.

25. Plaintiff's claims are barred in whole or in part to the extent Plaintiff is guilty of bad faith and/or unclean hands.

26. Plaintiff is precluded from any recovery because the damages she seeks are necessarily speculative and not recoverable under the law.

27. Plaintiff's claims are barred in whole or in part by the doctrines of waiver, laches and estoppel.

28. Plaintiff's claims are barred in whole or in part by her failure to mitigate her damages.

29. Plaintiff is not entitled to punitive damages under the ADA or NYLL, because Defendant at no time intentionally discriminated against Plaintiff nor acted with malice or reckless indifference; any alleged conduct by Defendant was not willful or wanton; Defendant complied with all applicable laws in good faith.

30. Defendant reserves the right to assert additional affirmative defenses as Plaintiff's claims are clarified during the course of litigation.

WHEREFORE, Defendant respectfully demands judgment denying the relief sought by Plaintiff in the Complaint, reimbursement for the costs and disbursements of this action, including its attorneys' fees, and for such other and further relief as this Court deems just and equitable.

Dated: New York, New York
March 25, 2026

PADUANO & WEINTRAUB LLP

By: /s/ Alicia Valenti
Meredith Cavallaro
Alicia Valenti
1251 Avenue of the Americas, Ninth Floor
New York, New York 10020
(212) 785-9100
mc@pwlawyers.com
av@pwlawyers.com

Attorneys for Defendant